UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| EMI J. CHAPMAN, | ) |
| | ) Bankruptcy No. 07-01485 |
| Debtor. | ) |
| | ) |
| HABBO G. FOKKENA, | ) |
| U.S. TRUSTEE, | ) |
| | ) Adversary No. 07-09193 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| EMI J. CHAPMAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER RE: COMPLAINT OBJECTING TO DISCHARGE**

This matter came before the undersigned on June 2, 2009 for trial on U.S. Trustee's Complaint Objecting to Discharge. Assistant U.S. Trustee Janet Reasoner appeared for Plaintiff. Debtor/Defendant Emi Chapman appeared with attorney Thomas McCuskey. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

**STATEMENT OF THE CASE**

U.S. Trustee seeks denial of discharge for false oath and concealment of assets. He asserts Debtor failed to disclose assets, including income, jewelry and business interests, in her schedules or at the meeting of creditors. Debtor responds she intended to disclose all her assets and had no legal interest in a business run by her husband.

**FINDINGS OF FACT**

Debtor filed her Chapter 7 petition on August 15, 2007. Her husband, Keith Chapman, did not join in the petition. Trustee has not recovered any assets to administer for the benefit of creditors.

Trustee Renee Hanrahan testified regarding deficiencies in Debtor's schedules. Debtor did not disclose $750 per week she received as a draw from Iowa Lumber & Dimension LLC prior to March 2007, or four checks she received from EKKO Hardwoods, LLC in the two weeks prior to the petition date. Debtor disclosed her interest in Iowa Lumber & Dimension as a 25% owner. At the meeting of creditors, Debtor stated that she was previously the majority owner but she transferred 42% ownership interest to a new partner, Scott Dizack, who infused money into the corporation. Trustee testified that, although Debtor's schedules disclosed a legal action by Irwin Commercial Finance Corp. against Iowa Lumber, Debtor and her husband, Debtor failed to disclose a prepetition confession of judgment and payment to that creditor.

After the meeting of creditors, Debtor amended her Statement of Financial Affairs to disclose income of $6,795.36 from Iowa Lumber & Dimension. She also amended Schedules B and C to disclose additional jewelry and claim it exempt. Initially, Debtor listed her engagement and wedding rings on schedule B. She wore other jewelry to the § 341 meeting and was questioned about it by counsel for one of the creditors. She had the jewelry appraised and signed amended schedules within two weeks after the meeting of creditors. Her attorney filed the amendment ten days later.

Trustee testified that Debtor denied having any affiliation with EKKO Hardwoods during testimony at the meeting of creditors. Debtor stated she was not an owner and was not involved with it. The initials, EKKO, stand for the names of Debtor, her husband and their two children. Debtor's father, David Dyrland, was identified as a member of the company in its corporate documents filed with the Iowa Secretary of State on June 13, 2007. His check for $2,000 funded a corporate checking account at Hiawatha Bank opened on June 29, 2007. Debtor and her husband, Keith Chapman, both have signature authority over this account. On the account application, Keith Chapman is listed as general manager and Debtor is listed as assistant manager.

Debtor, individually, opened a separate checking account at Farmers State Bank on June 19, 2007. Four checks from EKKO were deposited in this account between August 1, 2007 and August 14, 2007, the two weeks prior to the petition date herein. The total amount of these deposits is $8,041.20.

Debtor testified that she was advised by her lawyer to file a Chapter 7 petition after a creditor of Iowa Lumber & Dimensions began to garnish her wages. Although she was part owner of Iowa

Lumber and took a weekly draw of $750, she did not have any day-to-day duties and had no expertise in the lumber business. She was liable for the Iowa Lumber debts based on her personal guaranties. Debtor's husband, Keith, managed the business until he was fired in June 2007. After that time, he formed EKKO Hardwoods LLC with help from Debtor's father. Debtor was not an owner of EKKO and was not involved with its operations. Keith operated the business and was the main person processing lumber.

According to Debtor's testimony, when she filed her Chapter 7 petition, she did not know whether EKKO was making money. She believed that Keith was using funds from his IRA to operate the business. Debtor stated that she was added as a signatory on the EKKO checking account in order that she could make deposits if Keith was unavailable. Keith alone had use of a debit card on the account. Debtor opened a separate checking account at Farmers State Bank on the advice of their lawyer in order to keep it separate from Keith's finances. Debtor testified that although she had no interest in EKKO and no duties related to the business, she identified herself as "assistant manager" on the account application at the suggestion of a bank employee as she was the wife of the general manager.

Debtor testified that she was not aware of the confession of judgment with Irwin Commercial Finance at the time it was executed. She stated that she did not sign the document and did not authorize anyone to sign it for her. She was aware of the lawsuit but was not aware of the settlement or the confession of judgment.

Debtor received worksheets to fill out from her attorney's office before she filed her bankruptcy petition. They contained blanks to fill in for the value of wedding and engagement rings and Debtor inserted the values from her appraisals. Her attorney did not ask if she had other jewelry. Debtor testified she got appraisals and amended her schedules when she was told that all jewelry should be included on her schedules.

Debtor also amended her statement of affairs to include income. She thought that the draw she received from Iowa Lumber and the checks from EKKO were both included in the amendment and does not know why the EKKO funds were not included. Debtor testified that she was advised by her attorney's office to catch up mortgage payments which were four or five months behind before she filed her Chapter 7 petition. Keith talked to their attorney about how to do that. Debtor stated the checks from EKKO were deposited into her checking account so that she could satisfy mortgage payments which were in arrears. Mortgage payments are

3

$1998 per month and any remaining funds from the EKKO checks were used for utilities or other general household expenses.

Debtor testified that she relied on her attorney and his office staff to prepare her bankruptcy paperwork. Attorney John Titler represented Debtor and her husband but in April 2007 began working at Aegon. Debtor tried to find a different bankruptcy attorney but was asked for a larger retainer that she couldn't afford. Mr. Titler continued to represent Debtor except that he was assisted by attorney Steve Howes who filed Debtor's paperwork and attended the meeting of creditors. Debtor testified that she was aware she signed her schedules under penalty of perjury and that she had no intent to hide assets or income from her creditors.

## CONCLUSIONS OF LAW

U.S. Trustee's objections are governed by 11 U.S.C. § 727(a), which states in pertinent part:

> (a) The court shall grant the debtor a discharge, unless –
>
> . . .
>
>    (2) the debtor, with intent to hinder, delay or defraud . . . has . . . concealed, or permitted to be . . . concealed –
>
>       (A) property of the debtor, within one year before the date of the filing of the petition;
>
> . . .
>
>    (4) the debtor knowingly and fraudulently, in or in connection with the case –
>
>       (A) made a false oath or account.

"Because denial of discharge is a 'harsh and drastic penalty,' § 727 is 'strictly construed in favor of the debtor,' though its purpose remains to prevent abuse of the bankruptcy process." In re Smith, 373 B.R. 895, 900 (Bankr. N.D. Iowa 2007) (quoting In re Korte, 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001)).

**FRAUDULENT TRANSFER OR CONCEALMENT OF PROPERTY**

To support denial of discharge under § 727(a)(2), U.S. Trustee must show by a preponderance of the evidence that "(1) the act complained of was done within one year prior to the date of petition filing; (2) the act was that of the debtor; (3) it consisted of a transfer, removal, destruction or concealment of the debtor's property; and (4) it was done with an intent to hinder, delay, or defraud either a creditor or an officer of the estate." Korte, 262 B.R. at 472; In re Sandiford, 394 B.R. 487, 490 (B.A.P. 8th Cir. 2008). Actual intent can be inferred from the facts and circumstances surrounding the debtor's conduct. Korte, 262 B.R. at 473. The intent of a third party to hinder a debtor's creditors is not dispositive of § 727(a)(2). In re Dawley, 312 B.R. 765, 784 (Bankr. E.D. Pa. 2004).

**FALSE OATH**

To establish that Debtor made a false oath under § 727(a)(4)(A), U.S. Trustee must prove by a preponderance of the evidence that: "(1) Debtor made a statement under oath; (2) the statement was false; (3) Debtor knew the statement was false; (4) Debtor made the statement with fraudulent intent; and (5) the statement related materially to Debtor's bankruptcy case." In re Juehring, 332 B.R. 587, 591 (Bankr. N.D. Iowa 2005) (denying the discharge of one of the married joint debtors). Section 727(a)(4)(A) makes clear that the Bankruptcy Code requires nothing less than a full and complete disclosure of any and all property interests of any kind. In re Korte, 262 B.R. 454, 474 (B.A.P. 8th Cir. 2001); In re Tripp, 224 B.R. 95-98 (Bankr. N.D. Iowa 1998).

Statements made by a debtor in the bankruptcy petition and during the meeting of creditors are made under oath. In re Rohde, 400 B.R. 230, 235 (Bankr. N.D. Iowa 2009); Smith, 373 B.R. at 901. The question of a debtor's knowledge and intent under § 727(a)(4) is an issue of fact. In re Sears, 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000) (citing In re Olson, 916 F.2d 481, 484 (8th Cir. 1990)). "Intent under § 727 can be established by circumstantial evidence. Statements made with reckless indifference to the truth are regarded as intentionally false." In re Bauder, 333 B.R. 828, 830 (B.A.P. 8th Cir. 2005).

The element of materiality encompasses more than value. "The subject matter of a false oath is material . . . if it bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of property." Smith, 373 B.R. 901.

5

This definition of materiality makes the omission of even a relatively modest asset material, if the omission was fraudulent and knowing.  Mertz v. Rott, 955 F.2d 596, 598 (8th Cir. 1992).

**ANALYSIS**

U.S. Trustee asserts Debtor's discharge should be denied based on her concealment of income and assets and her false oaths.  Under both § 727(a)(2) and (a)(4), U.S. Trustee must prove Debtor concealed property or made false oaths with fraudulent intent.  The assets and income in question are jewelry, the Confession of Judgment with Irwin Commercial Finance, and income from both Iowa Lumber and EKKO Hardwoods.

Debtor did not disclose all her jewelry on her original schedules.  She wore the undisclosed jewelry to the § 341 meeting of creditors and learned that the jewelry should be valued and listed as assets.  Within two weeks, she had it appraised and amended her schedules, and claimed it exempt without objection by Trustee.  The Court does not find any fraudulent intent regarding Debtor's failure to disclose the jewelry on her original schedules.

The Confession of Judgment in the Iowa District Court action by Irwin Commercial Finance against Iowa Lumber & Dimensions LLC and Keith and Emi Chapman individually is dated July 31, 2007, fifteen days prior the petition date herein.  This was not disclosed in Debtor's schedules.  Debtor, however, credibly testified that she did not sign the document and was not aware of its existence.  The Court concludes that Debtor's failure to disclose this transaction in her schedules was based on her lack of knowledge rather than fraudulent intent.

Although not disclosed in her original schedules, Debtor stated at the § 341 meeting that she received a draw of $750 per week from Iowa Lumber & Dimensions until March 2007.  After the § 341 meeting, Debtor amended her Statement of Financial Affairs to disclose that she received $6,795.36 in 2007 "YTD Iowa Lumber & Dimension Draw."  Debtor testified that she thought her attorney included the funds she received from EKKO Hardwoods on the amendment and does not know why he didn't.  She stated she thought the funds from EKKO actually came from her husband's IRA and she used the money to pay past due mortgage payments on the advice of her attorney.  Debtor disclosed her ownership interest in Iowa Lumber & Dimension in her original schedules.  She has no ownership interest in EKKO, even though she has signature authority over an EKKO checking account and is listed as an assistant manager on a bank document.

The documents relating to EKKO Hardwoods could reasonably give the appearance that Debtor was involved in the business and could raise suspicions about Debtor's candor in completing her bankruptcy documents.  Denial of discharge, however, must be based on more than mere suspicion.  The evidence must convince the Court that Debtor concealed property or made false statements with the intent to hinder or defraud creditors.  After reviewing Debtor's statements at the § 341 meeting and at the trial herein, the Court recognizes the basis for the U.S. Trustee's concerns about Debtor's candor in her bankruptcy filings.  However, Debtor has provided explanations which adequately satisfy the Court that the proof presented fails to establish that Debtor possessed fraudulent intent under § 727(a)(2) or (a)(4)(A).

Debtor had no ownership interest in EKKO Hardwoods.  She explained that she thought the EKKO funds she received in August 2007 came from her husband's IRA.  She cured deficient schedules when she became aware that her jewelry and the Iowa Lumber income should be disclosed.  Even with full disclosure of Debtor's property, Trustee has not recovered any assets for distribution to creditors.

It is axiomatic that a debtor is strictly required to disclose all assets and interests in her schedules.  Debtor failed to do so in this case.  The subsequent disclosures, however, failed to generate any assets of value for the bankruptcy estate.  The Court is satisfied that Debtor's failure to disclose constituted a too casual approach to the requirements of the Code but was not based on fraudulent intent.  Denial of discharge for concealment of property or false oaths is not appropriate in these circumstances.

**WHEREFORE**, U.S. Trustee's Complaint Objecting to Discharge is DENIED.

**FURTHER**, U.S. Trustee has failed to prove Debtor concealed property or made false oaths with fraudulent intent.

DATED AND ENTERED:

July 6, 2009

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE